GailAnn Y. Stargardter (Bar No. 250749)
gstargardter@archernorris.com
Andrew J. King (Bar No. 253962)
aking@archernorris.com
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek, CA 94596-3759
Telephone: 925.930.6600
Facsimile: 925.930.6620

Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE
COMPANY f/k/a USF INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORTH BAY WATERPROOFING, INC., a California corporation; OPUS WEST CONSTRUCTION CORPORATION, a Minnesota corporation<br><br>Defendants. | Case No. CV 12-03339 EMC<br><br>**PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY'S CASE MANAGEMENT STATEMENT & RULE 26 DISCOVERY PLAN** ; ORDER RESETTING CMC<br><br>**[FED.R.CIV.P. 26(f); L.R. 16-9]**<br><br>Date: November 14, 2012<br>Time: 9:30 a.m.<br>Dept.: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California dated July 1, 2011, plaintiff Atain Specialty Insurance Company f/k/a USF Insurance Company ("Atain") hereby submits this Case Management Statement & Rule 26 Discovery Plan.

Atain submits this report on its own behalf, and not as a joint report, due to: (a) the entry of default against defendant North Bay Waterproofing, Inc. ("North Bay") which has failed to appear in this action; and (b) the fact that recently-added defendant Opus West Construction Corporation ("Opus West") has not yet responded to the First Amended Complaint or otherwise

PLAINTIFF'S CASE MANAGEMENT
STATEMENT & RULE 26 DISCOVERY                          CASE NO. CV 12-03339 EMC
PLAN

appeared in this action. (*See* Declaration of Andrew J. King, filed concurrently herewith.) At the request of Opus West's counsel, Atain agreed to provide an extension of time until November 19, 2012 for Opus West to respond to the First Amended Complaint. (*Ibid.*)

1. **Jurisdiction & Service**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201, and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), and 28 U.S.C. § 1391(b)(2). All parties have been served.

Defendant North Bay failed to appear or otherwise respond to the Complaint within the requisite time under the applicable federal rules. To date, North Bay has still not appeared or responded to the Complaint. At Atain's request, the Clerk entered a default against North Bay on August 21, 2012. (Docket 12.)

At the time Atain filed its initial Complaint in this action, Opus West had filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas. Atain's original Complaint set forth Atain's intent to seek leave to file an amended complaint to name Opus West as a defendant, once Atain had obtained relief from the bankruptcy stay. On September 5, 2012, the Bankruptcy Court issued an Order lifting the automatic stay and any applicable discharge injunctions to permit Atain to file and serve an amended complaint upon Opus West in this action, and to prosecute its claims to final judgment.

On October 4, 2012, this Court issued an Order granting Atain's motion for leave to file a first amended complaint, naming Opus West as a defendant. (Docket 20.) On October 5, 2012, Plaintiff filed its First Amended Complaint in this action. (Docket 21.) Opus West was served on October 11, 2012. (Docket 22.) On November 5, 2012, counsel for Atain received a telephone call from counsel representing Opus West in the underlying construction defect action. Counsel for Opus West advised that she had just received a copy of the First Amended Complaint and requested an extension of time to respond. As a professional courtesy, counsel for Atain agreed to provide a two-week extension until November 19, 2012.

/ / /

/ / /

PLAINTIFF'S CASE MANAGEMENT STATEMENT & RULE 26 DISCOVERY PLAN     1     CASE NO. CV 12-03339 EMC

**2. Facts**

Atain issued three policies of insurance to defendant North Bay covering the policy periods from January 2, 2005 through January 2, 2008 (the "Policies"). The Policies provide commercial general liability coverage pursuant to all of the terms, conditions, limitations, exclusions, and endorsements contained therein. Opus West has claimed status as an Additional Insured under each of the Policies.

Developer STRS Ohio CA Real Estate Inv. 1, LLC ("STRS") filed a construction defect action against general contractor Opus West and subcontractor North Bay, among others, in the Superior Court of California, County of Sonoma, in an action styled *STRS Ohio CA Real Estate Inv. 1, LLC v. Alcal/Arcade Contracting, Inc., et al.*, Case No. SCV-246738 (the "Underlying Action"). The Underlying Action arises out of the construction of a residential apartment complex located in Santa Rosa, California, commonly known as The Boulders at Fountaingrove (the "Project"). The operative complaint in the Underlying Action asserted claims against North Bay and Opus West for breach of contract, breach of guaranty, breach of implied warranty, negligence, and violation of California Business and Professions Code § 17200, *et seq*.

The operative complaint alleges that the Project "consists of ten 3-story apartment buildings containing 124 residential dwelling units as well as a leasing office, pool and community center." STRS alleges that Opus West was the general contractor for the Project, and that North Bay provided the waterproofing system. STRS avers that, "in and around 2008," STRS discovered water intrusion and other defects at the Project.

Indian Harbor Insurance Company ("Indian Harbor"), acting on behalf of its insured North Bay, tendered the defense of North Bay in the Underlying Action to Atain. Atain disclaimed coverage for the claims asserted against North Bay in the Underlying Action, based primarily on the "Total Residential Construction" exclusion, set forth in Endorsement RBJ 048 12 (03/98) (TOTAL RESIDENTIAL EXCLUSION—FORM B), which was included in each of the Policies, and which excludes coverage for the defense or indemnification of claims for "'property damage', . . . 'arising from' any work or operations performed … in connection with any condominium, townhome, single family dwelling and any other residential or tract housing

project."

Indian Harbor, this time acting on behalf of Opus West, then tendered defense of Opus West in the Underlying Action to Atain, based upon Opus West's claimed status as an additional insured under the Policies. Atain disclaimed coverage for the claims asserted against Opus West in the Underlying Action, based upon several applicable policy provisions, including the "Total Residential Construction" exclusion. Non-parties Indian Harbor and North American Capacity Insurance Company, ("NAC") both purporting to act on behalf of Opus West, have disputed the application of the Total Residential Construction exclusion and have demanded that Atain defend and indemnify Opus West in the Underlying Action.

In order to fall within the scope of the Coverage A insuring agreement contained in each of the Policies, any "property damage" must first manifest during the policy period. The claims asserted against North Bay and Opus West in the Underlying Action do not fall within the insuring agreements of the 2005-2006 Policy or the 2006-2007 Policy because the operative complaint alleges that the "property damage" first manifested "in or about 2008," which is after the expiration dates of the 2005-2006 Policy and the 2006-2007 Policy. Therefore, Atain contends that is has no duty to defend or indemnify North Bay or Opus West against the claims asserted in the Underlying Action under the 2005-2006 Policy or the 2006-2007 Policy. Atain believes that the claims will also likely fall outside of the scope of the Coverage A insuring agreement for the 2007-2008 Policy because that policy expired on January 2, 2008.

Moreover, the Policies' "Total Residential Construction" exclusion applies to eliminate any potential for coverage under any of the Policies for the claims asserted against North Bay and Opus West in the Underlying Action, because the operative complaint alleges, and the extrinsic evidence confirms, that the property at issue is a 124-unit *residential* apartment project. Accordingly, Atain contends that it owes no duty to defend North Bay or Opus West in the Underlying Action under any of the Policies. Atain has also expressly reserved its rights to assert that other policy terms, conditions, limitations, and exclusions apply to eliminate coverage.

/ / /

/ / /

### 3. Legal Issues

Plaintiff Atain seeks a declaratory judgment that it does not owe a duty to defend or indemnify North Bay or Opus West against the claims asserted in the Underlying Action, pursuant to the terms of the Policies and applicable law.

### 4. Motions

Plaintiff anticipates filing a motion for summary judgment at the earliest opportunity.

### 5. Amendment of Pleadings

Plaintiff filed its First Amended Complaint on October 5, 2012, which added Opus West as a defendant. Plaintiff does not currently anticipate further amendments to the complaint, but reserves the right to seek leave to do so. Plaintiff proposes a deadline of March 31, 2013 for amendments to the pleadings.

### 6. Evidence Preservation

Plaintiff has taken all appropriate steps to ensure the preservation of relevant evidence, consistent with its obligations under the applicable federal and local rules.

### 7. Disclosures

Due to the failure of any defendant to appear in this action, Plaintiff has been unable to conduct a Rule 26(f) conference as contemplated under the federal and local rules, and the parties have not yet exchanged their Rule 26 initial disclosures. Plaintiff intends to schedule the Rule 26(f) conference as soon as possible after defendant Opus West files its responsive pleading, and at that time set a date certain for exchange of the disclosures.

### 8. Discovery

No discovery has occurred to date. Plaintiff Atain anticipates promptly moving for summary judgment based primarily upon the complaint in the Underlying Action and the Policies. Atain may serve targeted requests for production of documents, interrogatories, and requests for admission. Plaintiff reserves the right to take the depositions of defendants. Plaintiff may also seek documents and deposition testimony from third parties pursuant to subpoena. If necessary, plaintiff may seek the entry of a stipulated protective order to facilitate the production of certain confidential or proprietary information.

**9. Class Actions**

Not applicable.

**10. Related Actions**

The Underlying Action – *STRS Ohio CA Real Estate Inv. 1, LLC v. Alcal/Arcade Contracting, Inc., et al.*, Case No. SCV-246738 – pending in the Superior Court of California, County of Sonoma.

**11. Relief**

Atain seeks a declaration that it does not owe, and has never owed, a duty to defend or indemnify North Bay or Opus West in the Underlying Action.

**12. Settlement and ADR**

The parties have not discussed settlement or ADR. On October 26, 2012, Plaintiff filed its ADR Certification. Atain has not, however, had an opportunity to discuss or select an ADR process or teleconference due to the defendants' failure to appear in this action. Atain does not believe that settlement or ADR is appropriate for this matter in that Atain requires a judicial declaration that it does not owe a duty to defend or indemnify defendants in the Underlying Action.

**13. Consent to Magistrate Judge For All Purposes**

On July 19, 2012, Plaintiff declined to consent to a magistrate judge.

**14. Other References**

Plaintiff does not believe that the case is suitable for reference to binding arbitration or that any other reference is appropriate at this time.

**15. Narrowing of Issues**

Plaintiff does not believe that the issues can be narrowed at this time, but reserves the right to seek the bifurcation of issues, claims or defenses at trial.

**16. Expedited Trial Procedure**

Plaintiff does not believe that this case is suitable for an expedited trial procedure.

/ / /

/ / /

**17. Scheduling**

Plaintiff tentatively proposes the following dates for expert disclosures, discovery cutoff, last date to hear dispositive motions, pretrial conference and trial:

- Expert disclosures, pursuant to Rule 26(a)(2)(A) and (B) – **June 2013**
- Rebuttal expert disclosures, and disclosures pursuant to Rule 26(a)(2)(C) – **July 2013**.
- Discovery cutoff – **September 2013**
- Last day to file dispositive motions – **October 2013**
- Last date for hearing on dispositive motions - **November 2013**
- Pretrial conference – **February 2014**
- Trial – **March 2014**

**18. Trial**

Plaintiff believes this matter is suitable for a bench trial, and has not demanded a jury trial. Plaintiff estimates the length of trial as 1-3 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed its required certification and disclosure statement on June 28, 2012. Plaintiff restates that AJK Holdings, LLC, is the parent company of plaintiff ATAIN SPECIALTY INSURANCE COMPANY.

**20. Other**

Plaintiff submits that, in the interests of judicial economy and efficiency, a continuance of the case management conference presently scheduled for November 14, 2012 may be warranted, given that defendant Opus West has not yet appeared in this action and Plaintiff has afforded Opus West an extension until November 19, 2012 to respond to the First Amended Complaint. No other issues at this time.

Dated: November 7, 2012

ARCHER NORRIS

*/s/ Andrew J. King*
GailAnn Y. Stargardter
Andrew J. King
Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY
f/k/a USF INSURANCE COMPANY

IT IS HEREBY ORDERED THAT the CMC is reset for 12/14/12 at 9:00 a.m. An updated joint CMC statement shall be filed by 12/7/12.

Edward M. Chen
U.S. District Judge

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

ATA015/1472749-1

PLAINTIFF'S CASE MANAGEMENT STATEMENT & RULE 26 DISCOVERY PLAN

6

CASE NO. CV 12-03339 EMC